UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-cv-12675-RGS

ERIC J. DUARTE

v.

N.C.S.O.; PATRICK W. MCDERMOTT;
SUPERINTENDENT DANIELLE FRANE;
ANNE COLLINS, MENTAL HEALTH DIRECTOR;
DEPUTY TARA FLYNN; and MEDICAL DOCTOR P.A. PICKETT

ORDER

April 30, 2024

STEARNS, D.J.

On April 8, 2024, plaintiff Eric Duarte was advised that the court would consider the reopening of this closed case if a motion to reopen is filed with a motion for leave to proceed *in forma pauperis* and prisoner account statements. Dkt # 19. Because Duarte is a prisoner[1], he is obligated to make payments toward the filing fee pursuant to 28 U.S.C. § 1915(b), but this court cannot assess the fee without certified prison account statements.

---

[1] Duarte is a pre-trial detainee. Pursuant to 28 U.S.C. § 1915A(c), "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

On April 24, 2024, Duarte responded to the court's order by filing a written response, *see* Dkt # 21, and a renewed Application to Proceed Application to Proceed in District Court without Prepayment of Fees, which is generally referred to as a motion for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt # 22. Attached to the IFP application are several documents from the Norfolk County House of Correction and Bridgewater State Hospital concerning his accounts. *See* Dkt # 22-1.

Although Duarte filed a renewed IFP application with documents concerning his prison accounts, he has not moved to reopen this action. Duarte is reminded that if he wishes to proceed with this action, the court will consider the reopening of this case if a motion to reopen is filed on or before May 20, 2024. *See* Dkt # 19.

Because Duarte has filed over a dozen actions[2] in this court, he is again cautioned to consider not only the financial implications of having to pay a

---

[2] The court's records indicate that since May 2023, Duarte has filed the following lawsuits: *Duarte v. Frane, et al.*, No. 23-11009-NMG (filed May 8, 2023); *Duarte v Norfolk Cnty. Sheriff's Off., et al.*, No. 23-11725-NMG (filed Jul 28, 2023); *Duarte v Frane*, No. 23-11731-NMG, *appeal filed*, No. 23-1903; *Duarte v. Bridgewater State Hosp., et al*, No. 23-11771-MJJ (closed); *Duarte v United States District Court*, No. 23-11933-LEW (filed Aug. 23, 2023); *Duarte v John Doe*, No. 23-12159-NMG (filed Oct. 16, 2023); *Duarte v. Bridgewater State Hosp., et al*, No. 23-12288-WGY (closed); *Duarte v Dep't of Justice*, No. 23-12388-LEW (closed); *Duarte v. Commonwealth, et al.*, No. 23-12678-LTS (closed); *Duarte v. Dep't of Justice, et a*l., No. 23-12677-FDS (closed); *Duarte v. NCSO, et al.*, No. 23-

filing fee in each case, but also the possibility that his ability to proceed without prepayment of the filing fee could be greatly restricted if three or more of his actions filed in a federal district court are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.[3] *Id.*

In light of the foregoing, the court defers action on the pending IFP application. If Duarte wishes to proceed with this action, the court will consider the reopening of this case if a motion to reopen is filed on or before May 20, 2024. This case remains closed.

> SO ORDERED.
>
> /s/ Richard G. Stearns
> UNITED STATES DISTRICT JUDGE

---

12681-DJC (closed); *Duarte v N.C.S.O., et al.*, No. 24-10643-NMG (filed Jan. 16, 2024); and *Duarte v Bridgewater State Hosp., et al.*, No. 24-10592-JCB (filed Mar. 8, 2024).

[3] Under the Prison Litigation Reform Act, a prisoner generally cannot proceed *in forma pauperis* when bringing a non-habeas civil action or appealing a judgment in a non-habeas case, if he has, on three or more prior occasions, brought an action or appeal that was dismissed on the ground that it was frivolous, was malicious, or failed to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(g). Where a prisoner accumulates "three strikes," he may proceed *in forma pauperis* only if he is "under imminent danger of serious physical injury" with regard to the misconduct alleged in the complaint. *Id.*