UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-cv-12675-RGS

ERIC J. DUARTE

v.

N.C.S.O.; PATRICK W. MCDERMOTT; SUPERINTENDENT DANIELLE FRANE; ANNE COLLINS, MENTAL HEALTH DIRECTOR; DEPUTY TARA FLYNN; and MEDICAL DOCTOR P.A. PICKETT

ORDER

JUNE 17, 2024

STEARNS, D.J.

Eric Duarte, now confined to Bridgewater State Hospital, commenced this action on November 6, 2023, while a pretrial detainee confined at the Norfolk County Correctional Center ("NCCC"). On January 10, 2024, this action was dismissed without prejudice after Duarte failed to respond to the court's December 13, 2023 Order directing him to refile his Application to Proceed without Prepayment of Fees and Affidavit ("IFP") with a copy of his prison account statement.

Most recently, on May 28, 2024, the court denied Duarte's renewed IFP stating that it would consider reopening this action if Duarte either (1) pays the $402 filing fee; or (2) shows cause as to why the "three strikes" rule

pursuant to 28 U.S.C. § 1915(g) does not prevent him from prosecuting this action without prepayment of the filing fee.

Now pending are Duarte's motions to reopen, for leave to proceed *in forma pauperis*, for reconsideration to reopen *in forma pauperis*, and to vacate denial of IFP.  Doc. Nos. 26, 33, 35-37.  Duarte does not directly challenge the court's finding that under 28 U.S.C. § 1915(g), four of Duarte's civil actions have been dismissed as frivolous[1] and/or for failing to state a claim upon which relief could be granted.  Nor does Duarte seek an exception based on an alleged "imminent danger of serious physical injury" at the time of filing.  *See* 28 U.S.C. § 1915(g).

Instead, Duarte focuses on the fact that the court had ordered Duarte to provide a copy of his prison account statement.  Also, Duarte repeatedly references Section 1915(b)(4) which states as follows: "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."  *See* 28 U.S.C. § 1915(b)(4).

---

[1] As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff.  Rather in legal parlance, a complaint is "frivolous" if it "lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Although the court had ordered Duarte, on April 8, 2024, to file a copy of his prison account statement, *see* Doc. No. 19, at that time only two of his cases qualified as strikes under Section 1915(g). *See Duarte v. NCSO, et al.*, No. 23-12681-DJC (D. Mass. Mar. 29, 2024); *Duarte v. Bridgewater State Hosp., et al.*, No. 23-11771-MJJ (D. Mass. Mar. 22, 2024). By the time Duarte filed his first motion to reopen on May 17, 2024, *see* Doc. No. 26, two additional cases qualified as strikes under Section 1915(g). *See Duarte v United States District Court, et al.*, No. 23-11933-LEW (D. Mass May 13, 2024); *Duarte v Dep't of Justice, et al.*, No. 23-12388-LEW (D. Mass. Apr. 12, 2024).

Based upon Duarte's litigation history, he is required to pay the full filing fee in order to proceed in this action. Duarte mistakenly relies on the language of Section 1915(b)(4) to support his contention that Section 1915(g) cannot prevent him from proceeding *in forma pauperis* in this action. As to prisoner plaintiffs such as Duarte, the statute requires such prisoner plaintiffs to pay the full amount of the filing fee. *See* 28 U.S.C. § 1915(b)(1). However, if the court grants the prisoner leave to proceed *in forma pauperis*, the prisoner plaintiff may pay the filing fee over time. The statute requires the prisoner to pay the filing fee in two stages. First, at the outset of the case, the prisoner plaintiff must pay an initial partial filing fee. *See* 28 U.S.C. §

1915(b)(1).  Second, after payment of the initial partial filing fee, the prisoner plaintiff must make monthly payments until he has paid the filing fee in full. *See* 28 U.S.C. § 1915(b)(2).  Here, because Duarte has not been assessed an initial partial filing fee, the language of Section 1915(b)(4) is not applicable.

Duarte has failed to show cause as to why the three strikes rule pursuant to 28 U.S.C. § 1915(g) does not prevent him from prosecuting this action without prepayment of the filing fee.  In light of the foregoing, the court denies all pending motions and this case remains closed.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE