UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-cv-12675-RGS

ERIC J. DUARTE

v.

N.C.S.O.; PATRICK W. MCDERMOTT; SUPERINTENDENT DANIELLE FRANE; ANNE COLLINS, MENTAL HEALTH DIRECTOR; DEPUTY TARA FLYNN; and MEDICAL DOCTOR P.A. PICKETT

<u>ORDER</u>

JULY 1, 2024

STEARNS, D.J.

    Eric Duarte, now confined to Bridgewater State Hospital, commenced this civil rights action on November 6, 2023, while a pretrial detainee confined at the Norfolk County Correctional Center ("NCCC"). Duarte's complaint consists primarily of a recounting of events surrounding his contact with the defendants at the NCCC as well as his unsuccessful efforts to challenge certain policies and practices of the NCCC. On June 17, 2024, the court issued an order finding that Duarte failed to show good cause why the filing restrictions of 28 U.S.C. § 1915(g) do not prevent him from prosecuting this action without prepayment of the filing fee.

    Now before the court is Duarte's letter in which he attempts to show that he is in imminent danger of serious physical injury. Doc. No. 40. Duarte

states that he "has had to file more than 25 civil actions in both [state and federal courts against the Commonwealth and state agencies that] have become a chronic habitual offender of seriously abusing the plaintiff since at least 2021, while in custody of NCSO." *Id.* at 1. Duarte states that the abuse includes two occasions in Brighton, Massachusetts, when he was "assaulted, stripped, embarrassed made to wear long sleev[e] sweatshirt as pants in emergency room of St Elizabeth medical center in Brighton, MA, when [Duarte] was there to section [himself] to get dose of the medications [he] was prescribed." *Id.* Duarte explains that upon information and belief, he is subject to "through but not limited to electronic comm device" while in custody at Bridgewater State Hospital. *Id.* at 2.

The imminent danger exception "allows a three-strikes litigant to proceed IFP only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2002). In determining whether a litigant has shown such a nexus, courts consider: "(1) whether the imminent danger of serious physical injury that [the] ... litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury." *Id.* at 298-99.

Here, Duarte's current custodians are not named as defendants in the complaint.  Moreover, a favorable judicial outcome on Duarte's complaint is unrelated to any possible allegation of imminent danger of serous physical injury.  The court concludes that any alleged threat occurring at Bridgewater State Hospital does not provide any basis for granting Duarte's request to proceed IFP in this action, based on imminent danger of serious physical injury.

In light of the foregoing, this case remains closed.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE